UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO UBINA,<br><br>          Plaintiff,<br><br>     v.<br><br>O. ONYEJE,<br><br>          Defendant. | Case No.: 1:21-cv-01623-SKO (PC)<br><br>**ORDER DIRECTING CLERK OF THE COURT TO CORRECT PLAINTIFF'S NAME ON DOCKET**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(Doc. 3)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Mario Ubina[1] has filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 3.) According to the certified account statement attached to his motion, Plaintiff had $1,623.25 in his inmate trust account as of July 2, 2021, and $604.60 as of October 25, 2021. (*Id.* at 4.) This is enough to pay the $402 filing fee for this action. Therefore, the Court issued an order to show cause why Plaintiff's motion to proceed *in forma pauperis* should not be denied. (Doc. 5.)

Plaintiff filed a response to the order to show cause on November 29, 2021. (Doc. 6.) In his response, Plaintiff does not deny that he had sufficient funds to pay the filing fee at the time

---

[1] In his response to the Court's order to show cause, Plaintiff states that his last name is spelled "Ubina," not "Urbina," and he requests that the Court correct his name. (Doc. 6.) Plaintiff's request is GRANTED. The Court DIRECTS the Clerk of the Court to change Plaintiff's last name on the docket to "Ubina."

he filed his *in forma pauperis* application. (*See generally id.*) He states, though, that he has spent the money and now currently has about $150. (*Id.* at 1.)

As explained in its order to show cause, proceeding "in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed *in forma pauperis*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar,'" *Doe v. Educ. Enrichment Sys.*, No. 15-cv-2628-MMA-MDD, 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. 2015) (citation omitted). In addition, courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.")

Plaintiff had adequate funds to pay the filing fee for this action when he filed his motion to proceed *in forma pauperis*, and he had significantly more than this amount as of July of this year. Plaintiff has not demonstrated that he spent the funds on "necessities" while he has been incarcerated, i.e., while his basic necessities have been covered by the State of California. *See Lumbert*, 827 F.2d at 260. Therefore, IFP status is not warranted.

Based on the foregoing, the Court RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be DENIED. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of

rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 1, 2021**__           /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

3