UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO UBINA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>O. ONYEJE,<br><br>　　　　　Defendant. | No. 1:21-cv-01623-NONE-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 3, 8) |

Plaintiff Mario Ubina is a state prisoner proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 10, 2021, the assigned magistrate judge issued an order to show cause why plaintiff's motion to proceed *in forma pauperis* ("IFP") should not be denied because plaintiff had sufficient funds to pay the filing fee. (Doc. No. 5.) Plaintiff filed a response to the order to show cause on November 29, 2021. (Doc. No. 6.) Therein, plaintiff does not deny that he had sufficient funds to pay the filing fee when he filed his motion, but that he had since then spent the money. (*Id.* at 1.)

On December 2, 2021, the magistrate judge issued findings and recommendations, recommending that plaintiff's motion to proceed *in forma pauperis* be denied. (Doc. No. 8.) The magistrate judge found that plaintiff had sufficient funds to pay the filing fee when he filed his motion to proceed IFP, and that plaintiff had failed to show "that he spent the funds on

'necessities' while . . . incarcerated, i.e., while his basic necessities have been covered by the State of California." (*Id.* at 2 (citing *Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987)).) The findings and recommendations were served on plaintiff and provided him 14 days to file objections thereto. (*Id.*)

Plaintiff filed objections on December 20, 2021. (Doc. No. 9.) In those objections plaintiff again does not dispute that he had sufficient funds to pay the filing fee associated with the bringing of this action when he filed his motion. (*See generally id.*)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis. According to his inmate trust account statement (Doc. No. 3 at 4), plaintiff had sufficient funds to pay the filing fee when he filed his motion to proceed IFP, and he has not shown that he has since spent the funds on necessities while incarcerated.[1] Therefore, the granting of IFP status is not warranted Here.

Accordingly,

1. The findings and recommendations issued on December 2, 2021 (Doc. No. 8) are adopted in full;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 3) is denied;
3. <u>Within 30 days</u> of the date of service of this order, plaintiff shall pay the $402 filing fee in full; and,
4. Failure to pay the filing fee within the time provided will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **December 27, 2021**

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff suggests generally that he may have spent some of his funds on items "to help recover his health" (Doc. No. 9 at 2) but does not provide any details about the nature or amount of those expenditures.

2