UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO URBINA,<br><br>                 Plaintiff,<br><br>         v.<br><br>O. ONYEJE,<br><br>                 Defendant. | Case No.: 1:21-cv-01623-JLT-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER**<br><br>**21-DAY DEADLINE** |

   Plaintiff Mario Urbina is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

   On December 1, 2021, the undersigned issued Findings and Recommendations to Deny Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 8.) Plaintiff filed his objections on December 20, 2021. (Doc. 9.) On December 27, 2021, District Judge Dale A. Drozd[1] ordered the Findings and Recommendations be adopted in full, denying Plaintiff's motion to proceed in forma pauperis, and ordering Plaintiff to pay the $402 filing fee in full within 30 days. (Doc. 10.) Although more than 30 days have passed, Plaintiff has failed to pay the filing fee as ordered.

   The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

---

[1] This matter was reassigned to District Judge Jennifer L. Thurston on January 10, 2022. (Doc. 11.)

Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on the foregoing, the Court ORDERS Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order. Alternatively, within that same time, Plaintiff may pay the $402 filing fee in full. **Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey court orders.**

IT IS SO ORDERED.

Dated:   **March 14, 2022**           /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE