UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO URBINA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>O. ONYEJE,<br><br>　　　　Defendant. | Case No.: 1:21-cv-01623-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDERS AND TO PAY FILING FEE**<br><br>**14-DAY DEADLINE** |

   Plaintiff Mario Urbina is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.   BACKGROUND**

   On December 2, 2021, the undersigned issued Findings and Recommendations to Deny Plaintiff's Motion to Proceed *In Forma Pauperis*. (Doc. 8.) Plaintiff filed his objections on December 20, 2021. (Doc. 9.) On December 27, 2021, District Judge Dale A. Drozd[1] ordered that the Findings and Recommendations be adopted in full, denied Plaintiff's motion to proceed *in forma pauperis*, and ordered Plaintiff to pay the $402 filing fee in full within 30 days. (Doc. 10.) More than 30 days passed and Plaintiff did not pay the filing fee.

   On March 14, 2022, the Court issued an Order to Show Cause ("OSC") why the action should not be dismissed for Plaintiff's failure to obey a Court order. (Doc. 12.) Plaintiff was

---

[1] This matter was reassigned to District Judge Jennifer L. Thurston on January 10, 2022. (Doc. 11.)

provided 21 days within which to show cause in writing why the action should not be dismissed for his failure to comply with the Court's order, or alternatively, to pay the $402 filing fee. (*Id.*) More than 21 days have passed, and Plaintiff has not paid the filing fee or responded to the OSC.

## II.     DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff has abandoned this action. He has not paid the filing fee as ordered, or responded to the OSC regarding his failure to pay. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

## III.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED for Plaintiff's failure to obey court orders and to pay the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in

waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 12, 2022**                                /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE